

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 10, 1970

Mr. John Mason Lankford, Jr., Chairman
Texas Board of Private Detectives, Private
    Investigators, Private Patrolmen, Private
    Guards, and Managers
P. O. Box 12577, Capitol Station
Austin, Texas   78711

Attention:  Thomas W. Brown,    Opinion No. M-727
           Director

                      Re:  Whether a corporation doing
                            business as a detective agency
                            must file a surety bond under
                            both Articles 1302-3.04 and
                            4413 (29bb), Vernon's Civil
                            Statutes.

Dear Mr. Lankford:

      Your opinion request concerns whether a corporation
planning to do business in Texas as a detective agency is re-
quired to file two separate surety bonds in view of the require-
ments in Articles 1302-3.04 and 4413 (29bb), Vernon's Civil
Statutes.

      Article 1302-3.04 makes as a prerequisite to the is-
suance of a certificate of incorporation or a certificate of
authority to transact business in this State of a corporation
organized or seeking to be organized for any purpose or purposes
which include the operation of a detective agency, that such
corporations, or its officers, as the case may be, have executed
a good and sufficient surety bond or insurance policy, in the
sum of $10,000.00 as stated therein, and deliver the same to the
Secretary of State.

      Article 1302-3.04 reads as follows:

      "A.  Before a certificate of incorporation
or a certificate of authority to transact busi-
ness in this State shall be issued to any
corporation organized or sought to be organized

-3523-

for any purpose or purposes which include the operation of a detective agency, its incorporators or its officer, as the case may be, shall have executed a good and sufficient surety bond or insurance policy (in the event of a bond to be signed by some good solvent bonding company authorized to do business in this State, and in the event of an insurance policy to be executed by some good solvent insurance company authorized to do business in this State) and deliver the same to the Secretary of State. Said surety bond or insurance policy shall be in the sum of Ten Thousand Dollars ($10,000) and shall be conditioned that the obligor therein will pay to the extent of the face amount of such surety bond or insurance policy all judgments which may be recovered against said detective agency by reason of the wrongful or illegal acts of its servants, officers, agents, or employees, committed by them in the course of their employment. Said surety bond or insurance policy shall further be conditioned that such person so injured shall have the right to sue directly upon such surety bond or insurance policy in their own name, and the same shall be subject to successive suits for recovery until a complete exhaustion of the face amount thereof. Each such detective agency shall on or before the date of the expiration of the terms of any surety bond or insurance policy so filed by such agency file a renewal thereof, or a new surety bond or insurance policy containing the same terms or obligations of the preceding surety bond or policy, and shall each year thereafter, on or before the expiration date of the existing surety bond or insurance policy, file such renewal surety bond or insurance policy so as to provide continuous security to persons so injured, and in the event any such detective agency fails to execute any surety bond or insurance policy in the first instance, or to execute any renewal surety bond or insurance policy, or to file the same with the Secretary of State as provided herein, it shall constitute

grounds for the forfeiture of the articles
of incorporation of a domestic corporation
and of the certificate of authority of a
foreign corporation in a suit to be insti-
tuted at the instance of the Attorney General.
Nothing herein shall be construed to authorize
the agents, servants, officers, or employees
of such corporation to have the power of peace
officers in this State unless such powers be
conferred thereon under the provisions of
some other law of this State."

The above Article is a general law which applies to
any corporation organized or seeking to be organized for any
purpose or purposes which includes the operation of a detective
agency and makes the execution of said bond or insurance policy
a prerequisite to incorporation.

Article 4413 (29bb), the Private Detectives Act, makes
as a prerequisite to the issuance of a license by the Board to
an applicant, which include persons or corporations, that a
surety bond or a cash deposit of $10,000 be filed with the Board.

Said Article in Sections 41, 42 and 43 reads as
follows:

"Sec. 41.  No license shall be issued under
this Act unless the applicant files with the
board a surety bond executed by a surety com-
pany authorized to do business in this state
in the sum of Ten Thousand Dollars ($10,000.00)
conditioned to recover against the principal,
its servants, officers, agents and employees by
reason of its wrongful or illegal acts in con-
ducting such business licensed under this Act.

"Sec. 42.  The bond required by this Act
shall be made payable to the State of Texas,
and anyone so injured by the principal, its
servants, officers, agents and employees,
shall have the right and be permitted to sue
directly upon this obligation shall be subject
to successive suits for recovery until com-
plete exhaustion of the face amount hereof.

"Sec. 43.  (a) Every licensee shall at all
times maintain on file with the board the surety

bond required by this Act in full force and effect and upon failure to do so, the license of such licensee shall be forthwith suspended and shall not be reinstated until an application therefor, in the form prescribed by the board, is filed together with a proper bond.

"(b) The board may deny the application notwithstanding the applicant's compliance with this section:

"(1) for any reason which would justify refusal to issue or a suspension or revocation of a license; or

"(2) for the performance by applicant of any practice while under suspension for failure to keep his bond in force, for which a license under this Act is required.

"(c) Bonds executed and filed with the board pursuant to this Act shall remain in force and effect until the surety has terminated future liability by a 30-day notice to the Board."

The Private Detectives Act became law on September 1, 1969, and therefore is the more recent legislation. There is nothing in said Act which shows a legislative intent to in any way change or amend the surety bond requirements of Article 1302-3.04 or to intermingle the requirements of the two acts in regard to financial responsibility.

Therefore, we must answer your question to the effect that a corporation doing business as a detective agency must file a surety bond or insurance policy with the Secretary of State to meet the requirements of the Miscellaneous Corporation Laws Act (Article 1302-3.04) and must file a separate surety bond or cash with the Board of Private Detectives to meet the licensing requirement of the Private Detectives Act (Article 4413 (29bb)).

### S U M M A R Y

A corporation doing business as a detective agency must file a surety bond or insurance policy with the Secretary of State to meet the requirements of the Miscellaneous Corporation Laws Act (Article 1302-3.04) and must file a separate surety bond or

cash with the Board of Private Detectives to meet
the licensing requirement of the Private Detectives
Act (Article 4413 (29bb)).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTED

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reese
Jim Broadhurst
Rex White
Earl Hines

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant